1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                   SOUTHERN DISTRICT OF CALIFORNIA
10

11  S. MICHAEL COHEN                    )    Case No. 14cv30-WQH (BLM)
                                        )
12              Plaintiff,              )    **ORDER GRANTING IN PART AND**
                                        )    **DENYING IN PART PLAINTIFF'S** *EX*
13  v.                                  )    *PARTE* **MOTIONS**
                                        )
14  ROSA MORENO AND DOES 1-10 inclusive, )   [ECF Nos. 16 & 21]
                                        )
15              Defendant.              )
   ─────────────────────────────       )
16
17

On July 1, 2014, Plaintiff filed an "*ex parte* application for an order ordering the United States Marshal and the Clerk of Court to Disclose Defendant Rosa Moreno's Address to Plaintiff Including Any and All Other Names that She has Used and to Further Disclose on the Court's Docket." ECF No. 16. United States District Court Judge William Q. Hayes referred the motion to Magistrate Judge Barbara Major on July 21, 2014. ECF No. 17. On July 28, 2014, the Court issued an Order requiring Defendant to respond to Plaintiff's motion on or before August 22, 2014. ECF No. 18. The Order was mailed to Defendant's address and the Court cautioned Defendant that if she did not respond, "the Court w[ould] grant Plaintiff's motion and provide Defendant's address." Id. at 2. On August 25, 2014, the envelope containing the Court's order was returned as undeliverable. ECF Nos. 19 and 20.

14cv30-WQH(BLM)

On September 8, 2014, Plaintiff filed another *ex parte* motion. ECF No. 21. Plaintiff seeks to have the Court order (1) the Clerk of Court to enter Plaintiff's notice of default, (2) the United States Marshal ("USMS") and the Clerk of Court to disclose Defendant's last known address to Plaintiff and to place it on the docket, (3) the office of the general counsel for the Interinsurance Exchange of the Automobile Club to provide Plaintiff with Defendant Moreno's past application for insurance, past and present residential addresses, past and present employment information, and aliases, and (4) the United States Marshal to serve the general counsel for the Interinsurance Exchange of the Automobile Club with the instant order. ECF No. 21.

In support, Plaintiff states that the only way the general counsel of the Interinsurance Exchange of the Automobile Club will release Defendant's automobile application "which includes her current address and employment information [is] by order of this court[,]"[1] and that without this information from the Interinsurance Exchange of the Automobile Club, he "has no way to prosecute his case." Id. at 5. Plaintiff also argues that he needs the requested information in order to "proof up his judgment before the court." Id. Finally, Plaintiff notes that "138 days have passed since the Defendant's response was due after first being served" and that she has had more than a reasonable time to respond. Id. at 4.

Good cause appearing, Plaintiff's motion is **GRANTED IN PART AND DENIED IN PART** as follows:

1.    This Court does not address Plaintiff's request that the Clerk of Court enter Plaintiff's notice of default because that motion must be decided by United States District Judge William Q. Hayes.

2.    Plaintiff's request that the USMS and the Clerk of Court disclose Defendant's

_____

[1]The Court notes that the letter attached to Plaintiff's motion as Exhibit A from the Interinsurance Exchange of the Automobile Club does not mention anything about a Court order and, instead, merely states that the "Automobile Club does not cover [Defendant] for the causes of action and damages pled" by Plaintiff and that Defendant has been advised about that decision. ECF No. 21-1.

last known address to Plaintiff and to place it on the docket is **GRANTED**.  The Clerk of Court is **ORDERED** to unseal the last known address of Defendant Moreno, make the address part of the Court record, and place the address on the docket.

       3.      Plaintiff's request that the office of the general counsel for the Interinsurance Exchange of the Automobile Club be ordered to provide Plaintiff with Defendant Moreno's past application for insurance, past and present residential addresses, past and present employment information, and aliases is **DENIED**.  Plaintiff argues that without this information he will be unable to "proof up his judgment before the court."  ECF No. 21 at 5.  Plaintiff's position is incorrect as the information that Plaintiff seeks is not relevant to his efforts to obtain default judgment against Defendant Moreno.

       In the instant matter, where there has been no appearance by Defendant, the Clerk may enter a default judgment if (1) the claim is for a sum certain[2], (2) a declaration of the amount due is included, (3) defendant has been served with a summons and complaint[3] and defendant's default has been entered for failure to respond[4], and (4) defendant is not a minor or incompetent.   Federal Rule of Civil Procedure ("FRCP") 55(b)(1).   These requirements are strictly construed, however Plaintiff's ability to satisfy these requirements is not in anyway dependent on Defendant Moreno's insurance applications, past residential addresses, past employment information, or aliases.  Even if Plaintiff is required to "prove up" damages at a hearing, the requested information would not aid Plaintiff in that endeavor as the default judgment inquiry focuses on Plaintiff's damages, not Defendant's past.  See FRCP 55(b)(2).   Because the information Plaintiff seeks is irrelevant to the remaining issues in this case, the Court declines to order the Interinsurance Exchange of

---

[2] A claim is not a sum certain unless there is no question regarding the amount to which a plaintiff is entitled due to the defendant's default.  See Franchise Holding II, LLC v. Huntington Restaurants Group, Inc., 375 F 3d 922, 928-929 (9th Cir. 2004) (citing KPS & Assocs., Inc. v. Designs By FMC, Inc., 318 F 3d 1, 19 (1st Cir. 2003).

[3] Defendant already has been served.  See ECF Nos. 11 & 12.

[4] Defendant's default has not been entered.  See ECF No. 13.

the Automobile Club to provide the identified information to Plaintiff.

4.     Because the Court declines to order the Interinsurance Exchange of the Automobile Club to provide Plaintiff with Defendant Moreno's applications, addresses, employment history, and aliases, Plaintiff's request that the United States Marshal serve the general counsel for the Interinsurance Exchange of the Automobile Club with the instant order also is **DENIED**.

**IT IS SO ORDERED**.

DATED:  September 10, 2014

BARBARA L. MAJOR
United States Magistrate Judge